UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON,

        Plaintiff,                Case No. 2:15-cv-17

v.

                                     HON. GORDON J. QUIST

NORMA KILLOUGH, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Corielle Johnson pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied a religious diet. Defendants Norma Killough, Keith Snyder and Edward Mize filed a motion for summary judgment (docket #17) on the ground that Plaintiff failed to exhaust his available administrative remedies. Defendants argue that Plaintiff failed to properly exhaust his grievance remedies. Plaintiff filed a response (docket #26). Plaintiff argues that he was on modified access to the grievance process and his request for a grievance form was wrongfully rejected. Further, Plaintiff asserts that his grievance on this issue was improperly denied as untimely.

The court has previously set forth the relevant facts regarding Plaintiff's attempts to exhaust his religious diet claim:

> When Plaintiff received notice of the denial of his request, he was on "modified access" to the grievance process. (*Id.* at Page ID#10.) Under MDOC policy, a prisoner may be placed on modified access for filing "an excessive number of grievances which are vague, duplicative, raise non-grievable issues, . . . contain prohibited

> language. . . , or [if the prisoner] is found guilty of [intentionally filing an unfounded grievance.]" MDOC Policy Directive 03.02.130 ¶ HH (July 9, 2007). While on modified access, the prisoner can obtain grievance forms only through the Step I coordinator, who must first determine whether the issue is grievable and otherwise meets the criteria for an appropriate grievance under the policy. *Id.* ¶ KK. On March 12, 2014, Plaintiff asked Grievance Coordinator LaPlante for two Step I grievance forms (one regarding the denial of a religious diet and the other for a claim of sexual harassment) and a Step II grievance form. On March 30, 2014, Plaintiff received two of the requested forms; he did not receive a form for complaining about the rejection of his request for a religious diet. Thereafter, Plaintiff sent multiple requests so that he could file a grievance regarding his diet, to no avail.
>
> Finally, on May 19, 2014, Plaintiff filed a grievance about the rejection of his religious meal request. Grievance Coordinator LaPlante rejected it as untimely, even though LaPlante was the one who prevented Plaintiff from filing the grievance at an earlier date. Plaintiff appealed that decision, and Warden Mackie and Grievance Specialist Russell denied his appeal at Steps II and III of the grievance process.

Opinion, docket #6 at 3.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must

consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being

grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

In the opinion of the undersigned, Plaintiff never properly exhausted his grievance remedies on his religious diet claim. Plaintiff, while on modified access to the grievance procedures, requested a grievance form to submit a grievance on this issue. Plaintiff was instructed to speak with the Chaplain in an attempt to resolve the issue as required by MDOC policy, before filing a grievance. Plaintiff never showed that he attempted to resolve the issue by first discussing his

concerns with the Chaplain. Plaintiff did file grievance AMF-14-05-1390-28e and included his claim that he was denied a religious meal. That grievance was rejected, however, as untimely. In that grievance, Plaintiff stated that he spoke with Chaplain Snyder on May 9, 2014, about his concerns. Plaintiff had five days after he spoke with Chaplain Snyder to submit his grievance in order to be in compliance with the grievance policy. Plaintiff did not file his grievance until May 19, 2014. The grievance was submitted outside the time limits for filing a grievance in accordance with MDOC policy. As a result, the grievance was rejected as untimely. In the opinion of the undersigned, it is clear that Plaintiff never properly filed a grievance on this issue and no excuse exists for Plaintiff's failure to follow MDOC policy.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #17) be granted dismissing Defendants Killough, Snyder and Mize without prejudice and dismissing this case.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

Dated: September 21, 2015            /s/ TIMOTHY P. GREELEY
                                     Timothy P. Greeley
                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).