UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORIELLE JOHNSON,

       Plaintiff,                                    Case No.  2:15-CV-17

v.                                                    Hon. Gordon J. Quist

NORMA KILLOUGH, et al.,

       Defendants.
                                  /

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 21, 2015, Magistrate Judge Greeley issued a Report and Recommendation in which he recommended that the Court dismiss Plaintiff's claims for failure to exhaust. Plaintiff has objected, arguing that he was prevented from filing a grievance in a timely manner. Having conducted a *de novo* review of the R & R, Plaintiff's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

On March 12, 2014, Plaintiff received notice that the prison's chaplain had denied his religious meal request. Because Plaintiff was on "modified access" to the grievance process at that time, he sent a request to the Grievance Coordinator requesting a Step I grievance form. (Dkt. #18-3 at page ID#139.) The Grievance Coordinator returned the request to Plaintiff with a note stating that the request was denied, that Plaintiff had not attempted to resolve the issue, and that Plaintiff should contact the chaplain. (*Id.*) Over the next several weeks, Plaintiff made several more requests for a Step I grievance form to the Grievance Coordinator. (Dkt. #1-1.) It appears that those requests went unanswered.

On May 19, 2014, Plaintiff was removed from modified access and filed a grievance related to the denial of his religious meal request. (*Id.* at Page ID#18.) The grievance stated that Plaintiff had spoken to the chaplain to resolve the issue on May 9, 2014. (*Id.*) The grievance was denied as untimely and not in conformance with Michigan Department of Corrections (MDOC) Policy Directive 03.02.130. (*Id.* at Page ID#19.) Plaintiff appealed the grievance through Step III.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedures for inmates. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented from doing so by circumstances outside the inmate's control. *Id.* at ¶ P. If the inmate's attempt to resolve the issue orally is unsuccessful, the inmate must file a Step I grievance within five business days. *Id.*

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules— rules that are defined by . . . the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922 (2006) (internal quotation marks omitted). In this case, the relevant procedural rules required Plaintiff to attempt to resolve the grieved issue orally within two days of learning of the issue. By his own admission, however, Plaintiff did not attempt to orally resolve the issue with the chaplain until May 9, 2014—almost two months after Plaintiff learned that his religious meal request had been denied. Plaintiff has not asserted that he was prevented from trying to resolve the issue sooner by circumstances outside his control. Because Plaintiff did not comply with the MDOC's procedural rules for filing grievances, and his grievance was properly rejected on procedural grounds, he did not exhaust his administrative remedies.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed September 21, 2015 (dkt. # 29) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 17) is **GRANTED**. Plaintiff's claims are **DISMISSED without prejudice**.

This case is concluded.

Dated:  November 13, 2015                                  /s/ Gordon J. Quist
                                                                                       GORDON J. QUIST
                                                                             UNITED STATES DISTRICT JUDGE